# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 3:13-CR-0004 |
| ) | JUDGE ALETA A. TRAUGER |
| GARRY CHRISTOPHER FORSYTHE, ) | |
| ) | |
| Defendant. ) | |

## ORDER OF FORFEITURE CONSISTING OF
## $2,249,294.80 MONEY JUDGMENT AS TO COUNT ONE

Based on the representations and agreements of the Government and Defendant Garry Christopher Forsythe at the plea hearing in this matter and as evidenced by the Plea Agreement entered into between the parties, the Court finds as follows:

**WHEREAS**, on January 3, 2013, the Government filed a nine Count Indictment charging Defendant Garry Christopher Forsythe, in pertinent part, at Count One with violations of 18 U.S.C. § 1343, wire fraud;

**WHEREAS,** the forfeiture allegation of the Indictment gave notice to Defendant Garry Christopher Forsythe, in pertinent part, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), that, upon conviction of the wire fraud alleged in Count One, he would be required to forfeit any property, constituting or derived from proceeds obtained directly or indirectly as a result of said violation, including but not limited to a money judgment in a sum of money equal to $2,249,294.80 which represents proceeds of the wire fraud offense.

**WHEREAS,** the forfeiture allegation of the Indictment also gave notice to Defendant Garry Christopher Forsythe that in the event the $2,249,294.80 in proceeds, as a result of any act or omission of Defendant Garry Christopher Forsythe:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property that cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property and intends, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of Defendant Garry Christopher Forsythe up to $2,249,294.80;

**WHEREAS**, Defendant Garry Christopher Forsythe has entered into a Plea Agreement with the United States wherein he has pled guilty to Count One of the Indictment;

**WHEREAS,** Defendant Garry Christopher Forsythe further acknowledges in his Plea Agreement that $2,249,294.80 is subject to forfeiture and consents to the entry of a money judgment in the amount of $2,249,294.80;

**WHEREAS,** Defendant Garry Christopher Forsythe, via his Plea Agreement, acknowledges that as a result of his own acts or omissions, the $2,249,294.80 in proceeds of his crimes of conviction, as alleged in Count One of the Indictment, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property;

**WHEREAS,** Defendant Garry Christopher Forsythe, via his Plea Agreement, agreed to cooperate fully regarding the discovery process including agreeing to cooperate and assist the United States in its efforts to recover the proceeds of the crime and the release of the Presentence Report to the United States Attorney's Office for the Middle District of Tennessee; and

**WHEREAS,** the parties, via the Plea Agreement, have agreed that any assets located through the forfeiture process will be applied through restitution to the victim in the manner accorded by Title 18, United States Code, Section 3664 and the forfeiture will be reduced accordingly.

Now, therefore, based on the Defendant's guilty plea to wire fraud as charged in Count One of the Indictment, evidence already in the record, the written Plea Agreement dated December 11, 2015 and any additional evidence or information submitted by the parties and the facts set forth at the plea colloquy on December 11, 2015, this Court makes the following findings:

1. There is a preponderance of the evidence that the proceeds of the wire fraud as set forth in the offenses to which Defendant Garry Christopher Forsythe has pled guilty in this matter are $2,249,294.80.

2. $2,249,294.80 is subject to forfeiture because these funds were obtained directly or indirectly as a result of the said violation as charged in Count One of the Indictment, and which constitutes or is derived from proceeds traceable to the violation.

3. As a result of Defendant Garry Christopher Forsythe's acts or omissions, the $2,249,294.80 in proceeds obtained as a result of the offense of wire fraud to which Defendant Garry Christopher Forsythe has pled guilty, either cannot be located upon the exercise of due diligence; have been transferred or sold to, or deposited with, a third party; have been placed

beyond the jurisdiction of the court; have been substantially diminished in value; or have been commingled with other property that cannot be divided without difficulty; and as a result, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), the United States is entitled to forfeiture of substitute property up to $2,249,294.80.

NOW THEREFORE it is hereby **ORDERED, ADJUDGED AND DECREED** that:

    A.    An Order of Forfeiture Consisting of Money Judgment in the amount of $2,249,294.80 ("Order of Forfeiture") is hereby taken against Defendant Garry Christopher Forsythe as to Count One of the Indictment. Pursuant to Federal Rule of Criminal Procedure, Rule 32.2(b)(4), the Order of Forfeiture consisting of a Money Judgment shall become immediately final as to the defendant, by his consent, and shall be made part of the sentence and included in the judgment. Pursuant to Rule 32.2(c)(1), ". . . no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

    B.    The United States may engage in discovery, without further application to the Court, in the manner in which discovery is authorized by the Federal Rules of Civil Procedure in an action or claim for a debt to identify additional substitute assets having a value up to $2,249,294.80 as authorized by 28 U.S.C. §§ 3001(a)(1) and 3015 et seq., and in the manner authorized by 21 U.S.C. § 853(m), and the Federal Rules of Criminal Procedure, Rule 15 and 32.2(b)(3), to facilitate the identification and location of property declared forfeited and to facilitate the disposition of petitions for remission or mitigation.

    C.    The United States Probation and Pretrial Services will provide the Defendant's Presentence Report and all supporting documentation to the Asset Forfeiture Unit of the United States Attorney Office for use in discovery.

D. The Internal Revenue Service will provide the Defendant's Tax Returns for the years 2015 and 2016 to the Asset Forfeiture Unit of the United States Attorney's Office for use in discovery.

E. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture consisting of $2,249,294.80 Money Judgment as to Count One to include substitute property having a value not to exceed in total $2,249,294.80 United States currency to satisfy the Money Judgment in whole or in part.

F. Upon payment of the Money Judgment in full, the United States shall file a satisfaction of judgment as to the money judgment with the District Court and the appropriate clerk of the county in which any transcript or abstracts of the judgment has been filed.

G. Any assets located through the forfeiture process, with the cooperation of the defendant, will be available for restitution to the victim in the manner accorded by Title 18, United States Code, Section 3664, and through Remission and/or Restitution pursuant to 28 C.F.R. 9, and upon payment to the victim, the forfeiture will be reduced accordingly.

H. Insofar as the Order of Forfeiture is not satisfied, and a sum of money is still owed, then Defendant shall remain personally liable pursuant to this Order of Forfeiture, which will continue in full effect until payment of the total amount of $2,249,294.80 plus statutory interest is made in full as to either money judgment.

I. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED** this  15th  day of March, 2016.

_____
Judge Aleta A. Trauger
United States District Judge